IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01422-PAB-SBP

DARREN MARKLEY,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION D/B/A U.S. BANK,

    Defendant.

## ORDER GRANTING MOTION TO STAY

**Susan Prose, United States Magistrate Judge**

    This matter comes before this court on a motion to stay discovery by the Defendant U.S. Bank National Association d/b/a U.S. Bank ("U.S. Bank"). *See* ECF No. 27 ("Motion to Stay" or "Motion"). The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b)(1)(A) and the referring Memorandum dated August 29, 2023 (ECF No. 27). This court has carefully considered the Motion, the entire case file, and the applicable case law, and it has determined that oral argument would not materially assist in the disposition of the instant Motion. For the following reasons, this court **GRANTS** the Motion.

## BACKGROUND

    Plaintiff Darren Markley filed his complaint in Colorado State Court on May 4, 2023. ECF No. 4 ("Complaint"). U.S. Bank removed the matter to this court on June 5, 2023. ECF No. 1. Plaintiff contends that he was employed at U.S. Bank from 2009 until 2018, when he was terminated. Compl. ¶ 1. He asserts that he was wrongfully discharged after he recommended to

his supervisor that U.S. Bank investigate a potential breach of the U.S. Bank Code of Ethics and Business Conduct and U.S. Bank's fiduciary duty by members of its Private Wealth Management Team. *Id.* ¶¶ 24-29, 38. He contends that, soon after his recommendation, he was wrongfully accused of approving improper sales and was placed on a leave of absence. *Id.* ¶¶ 49-53. According to Plaintiff, he was eventually terminated "in retaliation for having engaged in conduct that was protected or encouraged as a matter of public policy." *Id.* ¶ 70, 72. He asserts a single cause of action for wrongful discharge in violation of public policy. *Id.* ¶¶ 71-75.

U.S. Bank filed a motion to dismiss on June 30, 2023. ECF No. 17 ("Motion to Dismiss"). According to U.S. Bank, Plaintiff filed a prior lawsuit against it in this District on April 17, 2019, captioned *Markley v. U.S. Bank National Ass'n*, 1:19-cv-01130-RM-NYW ("*Markley I*"). The complaint in *Markley I* asserted two causes of action against U.S. Bank for age discrimination and wrongful discharge in violation of public policy. *Markley I*, ECF No. 1 ¶¶ 45-55. The court granted summary judgment on Plaintiff's age discrimination claim in favor of U.S. Bank, and then dismissed his state-law wrongful discharge claim without prejudice after declining to exercise supplemental jurisdiction. *Id.*, ECF No. 95, at 12. In its Motion to Dismiss, U.S. Bank contends that: (1) the court in *Markley I* actually dismissed Plaintiff's wrongful discharge claim with prejudice; (2) issue and claim preclusion bars this court's review of the wrongful discharge claim; and (3) the "law of the case makes Markley's claim futile" because this court has already made a factual determination on the issues presented in the present case. Mot. to Dismiss at 8-9.

Plaintiff responded to the Motion to Dismiss on July 21, 2023, asserting that the court in *Markley* adjudicated only the age discrimination claim, not the wrongful discharge claim. ECF

2

No. 21. U.S. Bank filed its reply on August 4, 2023. ECF No. 22.

On August 29, 2023, U.S. Bank filed the Motion to Stay. In it, counsel for U.S. Bank asserts that "Plaintiff's counsel indicated that Plaintiff is 'not going to take a position on this motion.'" Mot. at 2. Plaintiff did not file an opposition to the Motion.

**LEGAL STANDARD**

While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings while a motion to dismiss is pending, Rule 26(c) does permit the court, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Staying discovery pending a ruling on a motion to dismiss is generally disfavored in this District, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), but "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party," *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007). And the decision to stay discovery always rests firmly in the sound discretion of the trial court. *See Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).

In deciding whether to stay discovery, courts in this District typically consider five

factors, known as the *String Cheese* factors: 1) the plaintiff's interests in expeditiously litigating the "action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Considering these factors, this court concludes that a stay is warranted.

## ANALYSIS

***Plaintiff's Interests in Proceeding Expeditiously.*** Typically, motions to stay are opposed by plaintiffs. However, counsel for U.S. Bank contends that Plaintiff's counsel takes "no position" on the Motion, Mot. at 2, and Plaintiff did not file an opposition to the Motion.

U.S. Bank contends that "no specific prejudice would befall Plaintiff from a . . . stay for the limited purpose of waiting for the outcome of the Motion to Dismiss." *Id.* at 5. The court notes that Plaintiff is in the best position to assess whether he will benefit from or be harmed by a stay of discovery. *Cf. Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) (rejecting the defendant's argument that both parties would benefit from a stay of discovery because "discovery appear[ed] extensive" and "[would] require frequent travel that may be lessened following the resolution of the Motion to Dismiss"). Having taken no position on the Motion, the court finds that Plaintiff would not be unduly prejudiced by a stay. *See Billings v. City of Colo. Springs*, No. 21-cv-02084-DDD-KMT, 2022 WL 79857, at *2 (D. Colo. Jan. 7, 2022) ("there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, the motion to stay is unopposed."). As such, the court finds that the first *String Cheese* factor weighs in favor of a stay of discovery.

4

***The Burden on Defendant.*** As to the second *String Cheese* factor, the burden on U.S. Bank, the court notes that the claim and issue preclusion arguments in the Motion to Dismiss, if granted, would dispose entirely of the claims against U.S. Bank. Issue preclusion "prevents a court from reconsidering an issue previously decided in a prior action." *B-S Steel v. Tex. Indus., Inc.*, 439 F.3d 653, 662 (10th Cir. 2006). Claim preclusion similarly "prevents 'the parties or their privies from relitigating issues that were or could have been raise in' an earlier action." *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000). Courts in this District and within the Tenth Circuit have granted stays when a defendant raises defenses of issue and/or claim preclusion that would dispose of the action against the defendant in its entirety. *See Pembroke v. JPMorgan Chase Bank, N.A.*, No. 1:16-cv-03194-CMA-STV, 2018 WL 3382920, at *1 (D. Colo. Mar. 23, 2018) (staying discovery when defendant raised doctrine of issue preclusion); *see also Gouger v. Citibank NA*, No. 19-02434-KHV, 2020 WL 1320723, at *2 (D. Kan. Mar. 20, 2020) (holding that a stay of discovery is appropriate when an arbitrator's findings could "have a preclusive effect on [the] nonarbitrable claims").

With these points in mind, this court finds that the second factor weighs strongly in favor of a stay.

***The Convenience to the Court.*** As to the third *String Cheese* factor, convenience to the court favors a stay. Although there are circumstances in which a "delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), those circumstances are not present here. Given the assertion of claim and issue preclusion in the Motion to Dismiss, this court finds that a stay of discovery would

5

conserve judicial resources by verifying the precise contours of the action—and, indeed, if Plaintiff's claims against U.S. Bank survive at all—before proceeding through discovery. For these reasons, this court finds that the third factor weighs in favor of granting the stay.

***Interests of Non-Parties and the Public.*** As to the remaining *String Cheese* factors, this court finds that the interest of non-parties and the public is neutral. The parties have not identified any nonparties to this litigation that would be impacted by a stay of discovery. Additionally, the court notes that, while the public has a "strong interest . . . regarding the prompt and efficient handling of all litigation," *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *2 (D. Colo. June 22, 2011), "considerations of fairness and timeliness will not be advanced by the imposition of a stay," *Choice Genetics USA, LLC v. Peetz Co-Operative Co.*, No. 16-cv-00154-WJM-KLM, 2016 WL 9344066, at *2 (D. Colo. Nov. 7, 2016). The court finds that these counterbalancing interests render the fourth and fifth *String Cheese* factors neutral.

In sum, having weighed all relevant factors, this court finds that the balance weighs in favor of staying discovery pending resolution of the Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Stay, ECF No. 27, is **GRANTED**, and discovery in this matter is **STAYED** pending resolution of the Motion to Dismiss, ECF No. 17. Within three business days of the disposition of the Motion to Dismiss, to the extent there are any remaining claims, the parties **SHALL CONTACT** the chambers of the

undersigned Magistrate Judge to set a Scheduling Conference.[1]

DATED October 18, 2023

BY THE COURT:

Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").